UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09854-SK                                      Date: January 12, 2026

Title    Avi Richards, et al. v. Tesla Inc., et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**    (IN CHAMBERS) **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF 6]**

## I.
## BACKGROUND

In September 2023, plaintiff Avi Richards purchased a preowned 2021 Tesla Model Y manufactured by defendant Tesla, Inc. (ECF 1-1 at 6). According to plaintiff, the vehicle displayed defects during the applicable warranty period and Tesla couldn't repair it after a reasonable number of attempts. (*Id*. at 8–9). Tesla then, plaintiff claims, failed to timely repurchase or replace the nonconforming vehicle as required by California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1793.2. (*Id*. at 10). Not only that, but plaintiff contends that Tesla "willfully failed to comply with its responsibilities under" the Song-Beverly Act. (*Id*. at 12). For such willful violations, as plaintiff correctly alleges, the Song-Beverly Act provides for "a civil penalty of up to two times the amount of actual damages." (*Id*.).

Based on these allegations, in October 2024, plaintiff sued Tesla in Los Angeles County Superior Court for violations of the Song-Beverly Act and the federal Magnuson-Moss Warranty Act ("MMWA"). (ECF 1 at 1; ECF 1-1 at 10–18). The complaint attached a copy of the vehicle sales contract, though it was largely illegible. (ECF 1-1 at 20–21). Still, on the face of the complaint, plaintiff demanded actual damages "in an amount [in] excess of $25,000," civil penalties "in an amount in excess of $50,000," punitive damages, and reasonable attorney's fees and costs. (*Id*. at 10, 19). For its part,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09854-SK                                        Date: January 12, 2026

Title      Avi Richards, et al. v. Tesla Inc., et al.

Tesla timely answered but didn't remove the case to federal court until October 2025—nearly a full year after Tesla was served with the complaint. (ECF 6 at 2; *see* ECF 1 at 1–2).

In the many interim months, the parties evidently exchanged discovery informally—including a legible version of the subject vehicle's sales contract produced sometime in October 2025. (ECF 1 at 1–3). According to that contract, the purchase price of the preowned vehicle was $65,577.44. (ECF 7 at 15). Claiming that plaintiff's disclosure of the legible contract was the first time that it could calculate the amount in controversy, Tesla filed its notice of removal just 5 days later, on October 15, 2025. (ECF 1 at 2–3). But that notice relied on the MMWA, a federal statute that confers original jurisdiction under 28 U.S.C. § 1331 so long as the amount in controversy exceeds at least $50,000. *See* 15 U.S.C. § 2310(d)(3); *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022). In its notice, Tesla calculated the plausible amount in controversy far in excess of that amount—at $196,432.32—based on a presumed rescission of the sales contract ($65,477.44) plus two times that amount ($130,954.88) for maximum possible civil penalties under the Song-Beverly Act. (ECF 1 at 5).

Plaintiff now moves to remand the action, arguing that Tesla's removal—done nearly a year after receiving his complaint—was untimely based on the prescribed deadlines under 28 U.S.C. § 1446(b). (ECF 6 at 2–3). Plaintiff contends that because Tesla received a copy of the sales contract attached to the complaint, it should have removed the case within 30 days of the complaint's service under § 1446(b)(1). (*Id.* at 3). In opposition, Tesla contends that it couldn't ascertain removability until after it received a legible copy of the sales contract. (ECF 7 at 3–6). According to Tesla, then, its removal was timely under a different provision of the removal statute—subsection 1446(b)(3)—which permits timely removal within 30 days of receiving any "other paper" post-complaint revealing the basis for removability. (*Id.* at 4). Even so, Tesla never explains why plaintiff's claimed damages plus civil penalties—in excess of $75,000 combined—wasn't enough to readily determine the minimum amount at stake based on the complaint's allegations alone. Nor, in any case, does Tesla explain why it took nearly a year to request and obtain a legible version of the sales contract copy that was attached to plaintiff's complaint—if that was all it genuinely needed to confirm the purchase price of the subject vehicle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09854-SK                                             Date: January 12, 2026

Title   _Avi Richards, et al. v. Tesla Inc., et al._

Plaintiff's motion to remand is granted.

## II.
## DISCUSSION

A defendant may remove a civil case from state court so long as jurisdiction would lie in the federal court of the district where the action is pending. *See* 28 U.S.C. § 1441(a). But removal is subject to certain deadlines under 28 U.S.C. § 1446. If the face of the complaint makes clear an action is removable, the defendant has 30 days to remove. *See id.* § 1446(b)(1). If removability is not so apparent but the defendant later receives an amended pleading, motion, order, or "other paper" from which it discovers that the case is removable, the defendant must file a notice of removal within 30 days of that post-complaint discovery. *Id.* § 1446(b)(3). In any event, no case—if based on claimed diversity jurisdiction under 28 U.S.C. § 1332—may be removed more than one year after its commencement even if it isn't otherwise discovered to be removable until more than 30 days after the complaint's service. *See id.* § 1446(c).

Here, both sides presume that Tesla had to remove within 30 days of receiving the subject vehicle's sales contract. According to plaintiff, though, that 30-day clock started as soon as Tesla was served with the complaint because the contract was attached to the complaint. (ECF 6 at 3). Even if it was illegible, plaintiff contends, Tesla could have obtained its own legible copy as the manufacturer of the vehicle within 30 days of the complaint's service and promptly removed on time under § 1446(b)(1). (*Id.*). According to Tesla, however, its obligation to remove was triggered only once plaintiff himself disclosed a legible version of the sales contract, which didn't happen until informal post-suit discovery. (ECF 7 at 5). As a result, Tesla contends that it timely removed under § 1446(b)(3) within 30 days of disclosure of that legible contract—an "other paper" revealing for the first time a purchase price from which Tesla could reasonably estimate the amount in controversy after receiving the complaint. (ECF 1 at 2–3). Both arguments, though, needlessly complicate the removal question without considering first what is apparent on the face of the complaint—even without the sales contract, legible or otherwise.

As the removing party, Tesla bears the burden of establishing timely removal and federal jurisdiction—including the amount in controversy if needed. *See More-Thomas*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09854-SK                                              Date: January 12, 2026

Title      Avi Richards, et al. v. Tesla Inc., et al.

*v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  The court need not decide this motion, however, based on when Tesla had actual or constructive knowledge of the subject vehicle's purchase price—which, in turn, seemingly depends on when it had a usable version of the vehicle's sales contract.  While the parties may have uncritically assumed that the amount in controversy is indeterminable on the face the complaint without considering the sales contract, the court has an "independent obligation" to determine its own subject matter jurisdiction no matter what the parties may argue or assume.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  According to plaintiff's claimed damages apparent on the face of his complaint, there is more than $75,000 at stake by simple arithmetic: compensatory damages of at least $25,000.01 plus civil penalties of at least $50,000.01.  (ECF 1-1 at 10).  Thus, Tesla should have removed this action within 30 days of receiving plaintiff's complaint since the minimum jurisdictional amount in controversy required by the MMWA—$50,000—was readily ascertainable within the four corners of the complaint no matter the immediate legibility of the sales contract attached to the complaint.

When a state court complaint alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, the requirement is "presumptively satisfied unless it appears to a legal certainty that the plaintiff cannot actually recover that amount."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402–03 (9th Cir. 1996).  Whether "removability is ascertainable" on the face of the complaint starts with an "examination of the four corners of the applicable pleading."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  Courts use a "bright-line approach" based on an "objective analysis of the pleadings" to determine whether a complaint sufficiently provides a defendant fair notice that the case is removable.  *Harris*, 425 F.3d at 697.  That means a removing defendant must "apply a reasonable amount of intelligence in ascertaining removability," including by "[m]ultiplying figures clearly stated in a complaint."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  To trigger the first 30-day removal deadline under § 1446(b)(1), moreover, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-09854-SK | Date: January 12, 2026 |
| Title | Avi Richards, et al. v. Tesla Inc., et al. | |

complaint need only "set forth a ground for removal" in good faith. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021).

These principles—applied straightforwardly here—eliminate any need to decide when Tesla had enough extra-complaint information from a legible sales contract to estimate the subject vehicle's purchase price. Based on Tesla's alleged willful violations of the Song-Beverly Act, plaintiff's complaint seeks actual damages "in excess of $25,000" and maximum civil penalties "in excess of $50,000." (ECF 1-1 at 10). Together, these claimed amounts—by rudimentary logic and simple arithmetic—equal at least $75,000.02—more than enough to meet the jurisdictional amount in controversy for the MMWA. And that figure, of course, doesn't even factor in any possible attorney-fee award. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (amount in controversy may include attorneys' fees available under fee-shifting statute or contract). Nor does Tesla suggest there is any bad faith in plaintiff's claim for civil penalties up to the maximum allowed by the Song-Beverly Act. As a result, based simply on what the complaint seeks in total compensable damages and penalties plus reasonable attorney's fees or costs, the minimum amount in controversy is readily met—unless someone can prove to a "legal certainty" that a recovery of more than $50,000 is impossible. *Guglielmino*, 506 F.3d at 699. Naturally, albeit for different reasons—maximum financial recovery for plaintiff versus timely removal to federal court for Tesla—neither side here contends that plaintiff cannot recover to a legal certainty more than $50,000 if he were to prevail on his claims.

It doesn't matter, then, that plaintiff didn't state the purchase price of the vehicle in the body of the complaint or attach a legible copy of the vehicle's sales contract. (ECF 1-1 at 10). Neither of those missing elements means that it is unclear, ambiguous, or indeterminable on the face of the complaint what the minimum amount at stake is. Listing a dollar amount for actual damages (more than $25,000) and a separate amount for civil penalties (more than $50,000), as plaintiff does here presumably in good faith, is enough to establish an amount in controversy conferring original jurisdiction under the MMWA on the face of the complaint. *See, e.g., Romo v. Ford Motor Co.*, 2025 WL 2684291, at *3 (C.D. Cal. Sept. 5, 2025); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) (amount in controversy established where complaint requested $25,000 exclusive of interest and costs *and* additional damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09854-SK                                                    Date: January 12, 2026

Title         Avi Richards, et al. v. Tesla Inc., et al.

including civil penalties); *McDonald v. BMW of N. Am. LLC*, 2017 WL 5843385, at *1 (S.D. Cal. Nov. 28, 2017) (same). When removing based on the MMWA, then, Tesla had to remove this action no later than 30 days of being served plaintiff's complaint. Because it didn't do that until nearly a year later instead, no matter the reason, Tesla's removal was untimely. *See generally Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.
### CONCLUSION

For these reasons, plaintiff's motion to remand this action to state court (ECF 6) is GRANTED.[1] The case is ordered REMANDED to the Los Angeles County Superior Court in Case No. 24STCV26442. The parties are ordered to notify the state court accordingly and to provide (or file) a copy of this order with the state court as needed.

IT IS SO ORDERED.

---

[1] Tesla argues alternatively that plaintiff's motion to remand should be denied for his failure to comply with Local Rule 7-3. (ECF 7 at 2–3; ECF 7-1 at 2). But the court can still consider the merits of the motion if Tesla was not prejudiced by the noncompliance. *See Mills v. Bechen*, 2023 WL 2090700, at *2 (C.D. Cal. Feb. 17, 2023); *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015). Since Tesla was able to fully oppose the motion on its merits, there appears no prejudice here. Besides, even if the motion were denied for this procedural reason, it wouldn't prevent plaintiff's refiling the motion after compliance with Local Rule 7-3. Yet Tesla never contends that such compliance could have eliminated the need to file the motion, nor does it explain how compliance might have changed the substance of the motion, the contents of its opposition, or the outcome ordered here. So while the court is of course displeased that plaintiff evidently failed to comply with the local rules, that displeasure is outweighed by the overriding interest in efficient resolution of the motion without wasteful additional litigation activities.